IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

GREGORY S. ELLIOT, )
    Plaintiff )
    v. )
GREAT SENECA FINANCIAL CORP., )   No. 3:06-cv-150
ASSIGNEE OF NEW CENTURY   Jarvis/Shirley
FINANCIAL SERVICES, ASSIGNEE )
OF CHASE MANHATTAN BANK,
et al., )
    Defendants )

## MEMORANDUM AND ORDER

Plaintiff filed this *pro se* action for monetary damages against his creditors and collection agencies employed by them, alleging violations of 15 U.S.C. section 1692 (Fair Debt Collection Practices Act), 18 U.S.C. section 1341, 39 U.S.C. sections 3001 (d)(h)(I) and 3005, and Tennessee's Uniform Commercial Code. Tenn. Code Ann. §§ 47-1-101 to -8-601 (2001 & Supp. 2005). Pursuant to Rule 12(b)(6), the defendants have filed a motion to dismiss this action for failure to state a claim under which relief may be granted. Fed. R. Civ. P. 12(b)(6). For the reasons stated below, defendant's motion to dismiss the complaint is granted.

"A pleading which sets forth a claim for relief . . . shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ.

P. Rule 8(a). Plaintiff's complaint [Court File #1] fails to conform to the General Rules of Pleading as expressed in Rule 8 of the Federal Rules of Civil Procedure. Plaintiff's complaint does not contain a short or plain statement of anything. Instead, it states 133 factual allegations without any legal argument or reasoning to support the plaintiff's unsubstantiated claims for relief.

It appears that the plaintiff has relied on some sort of form complaint, because much of the content of the 33-page document could best be described as generic. The complaint fails to identify the specific defendants being referred to in any given factual allegation, the legal theories that support the plaintiff's claim, or the factual basis of the damages prayed for. The complaint does not even state what injury the plaintiff claims to have suffered.

The plaintiff's complaint fails to state any claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Conclusory allegations unsupported by legal reasoning or evidence cannot form the basis of a valid claim. *See Varljen v. Cleveland Gear Co., Inc.*, 250 F.3d 426, 429 (6th Cir. 2001). Recognizing the deficiencies of plaintiff's complaint, the defendants in this case timely filed a motion to dismiss this action [Court File # 14].

Plaintiff did not file any response to defendant's motion to dismiss within the twenty days allowed by this court's Local Rules. E.D. Tenn. R. 7.1(a). He has not moved to amend his complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure nor otherwise pursued his action. Having failed to respond to defendant's motion to dismiss this action, plaintiff is deemed to have waived any opposition to that motion. E.D. Tenn.

R. 7.2.  Accordingly, defendant's motion to dismiss this civil action is GRANTED and the plaintiff's complaint is DISMISSED.

**ENTER:**

                                *s/ James H. Jarvis*
                          UNITED STATES DISTRICT JUDGE